Habeas Petition    JUDGE DAVID BRIONES

United states District court for the [western district court of Texas Albert Armendariz SR, United States Courthouse 525 Magoffin Avenue Room 105 El Paso TX 79901]

AHMADZAI ABDUL GHAFOOR

A# 246-718-247,
petitioner,

Immigration and Custom Enforcement
El Paso Service Processing Center
8915 Montana Ave,
El Paso, TX 79925

V.

PAMELA BONDI, Attorney General,

Mark Wayne Mullin, , Secretary Of The

  Department OF Homeland Security,

MARY DE ANDA YBARRA, U.S. ICE

  Field Office Director For,

  ''EOIR'' Field Office,

ERICA ESRADA, Assistant

  Field Office Director Of El Paso SPC.


Respondents



EP 26CV1105

Civil Action No._____.

Petition For A Writ Of Habeas Corpus
Pursuant To 28 U.S.C. §2241, By
A Person Subject To Indefinite
Immigration Detention.

## BACKGROUND

petitioner, AHMADZAI ABDUL GHAFOOR, hereby petitions this Court for a writ of habeas corpus to remedy Petitioner's unlawful mandatory detention by Respondents, and to enjoin Petitioner's continued unlawful detention by the Respondent. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

1

## CUSTODY

1. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement (ICE). Petitioner is detained at the:

Immigration and Custom Enforcement
El Paso Service Processing Center
8915 Montana Ave,
El Paso, TX 79925

Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, 28 U.S.C. §2241(c)(1), and the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §2241, Art. I §9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. §1331, as Petitioner is presently in custody under color of the authority of the United States., and such custody is in violation of the Constitution, laws, or treaties of the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that §2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."); *INS v. St. Cyr*, 533 U.S. 289, 301 (2001) ("at its historical core, the writ of habeas corpus has served as a means of reviewing the legality of executive detention, and it is in that context that its protections have been strongest.")' *Clark v. Martinez*, 543 U.S. 371 (2005) (holding that *Zadvydas* applies to aliens found inadmissible as well as removable).

## VENUE

3. Venue lies in the Western District Court Of Texas, because Petitioner is currently detained in the territorial jurisdiction of this Court. at the (Immigration and Custom Enforcement el Paso Service Processing Center 8915 Montana Ave,  El Paso, TX 79925) 28U.S.C.§1391

## EXHAUSTION OF REMEDIES

4. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in *Zadvydas*, the

Department of Justice issued regulations governing the custody of aliens removed. *See* 8 C.F.R. §241.4.

Petitioner's deportation officer has informed him that Immigration and Custom Enforcement Headquarters Post-Order Detention Unit (''HQPDU'') has decided to keep him in custody under mandatory detention because they are not releasing anybody in the united states under the new administration.

Petitioner has sent a request to review and release from (ICE) custody after his (90-days).

Petitioner has sent a request to review and release from (ICE) custody after his (180-days).

_The custody review regulations do not provide for appeal from a (''HQPDU'') custody review decision. *See* 8 C.F.R. §241.4(d).

5. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## PARTIES

6. Petitioner Ahmadzai Abdul Ghafoor, is a native citizen of Afghanistan. petitioner was first taken in to Immigration and Custom Enforcement (ICE) custody on May 23,2025.and has remained in ICE Custody continuously since that date.

petitioner was ordered remove on July 2025. petitioner has been continuously detained by ICE for over 10 months.

7. Respondent PAMELA BONDI , is the Attorney General of the United States and is responsible for the administration of (ICE) and the implementation and enforcement of the Immigration & Naturalization Act ("INA"). As such, PAMELA BONDI, has ultimate custodial authority over Petitioner.

8. Respondent ,Mark Wayne Mullin is the Secretary of the Department of Homeland Security. he is responsible for the administration of (ICE) and the implementation and enforcement of the INA. As such Mr Mark Wayne Mullin, is the legal custodian of Petitioner

9. Respondent MARY DE ANDA YBARRA , is the ICE Field Office Director of the Western District Court Of

3

Of Texas Field Office of ICE and is Petitioner's immediate custodian. *See Vásqyez v. Reno*, 233

F.3d 688, 690 (1st Cir. 2000), *cert. denied*, 122 S. Ct. 43 (2001).

10. Respondent ERICA ESRADA , is the Assistant Field Office Director of:

> Immigration and Custom Enforcement
> El Paso Service Processing Center
> 8915 Montana Ave,
> El Paso, TX 79925

where Petitioner is currently detained under the authority of ICE, alternatively may be

considered to be Petitioner's immediate custodian.

## STATEMENT OF THE FACTS

11. petitioner AHMADZAI ABDUL GHAFOOR was born in LOGAR province , AFGHANISTAN on 18/07/1993.and completed his High school on 2011 in Kabul Afghanistan .on 2012 he got scholarship to INDIA for his higher education and completed his bachelor of business management on 2015 and return to his country the petitioner start job with organization called (PPS) president protective service which was responsible to protect the president of republic of Afghanistan. The organization was primary build by Americans in 2005 and several years they were at control of particular organization after long training to afghans they carry the responsibility to them on 2009.that was reason petitioner was regularly engage with American troops as translator and IT manager to(PPS). Due to Taliban take over in August  2021 petitioner was not able to live more and that country because of his job with American troops and PPS he left his country to be save here. and when petitioner  reached Mexico he applied for CBP1 to enter legally to united states and he got appointment with border petrol on 22 JAN 2025 but unfortunately MR PRESIDENT cancel all appointments of CBP1 and the petitioner had no choice to enter illegally after along wait on other side of the border.

at the age of 31 on 04/30/2025 he entered to United States of America.

12. petitioner  entered the United States through Juarez/El Paso border on 04/30/2025 and petitioner surrendered himself to the border patrol agents.

13. petitioner got credible fear interview  on July 08.and after 3 weeks of not receiving the decision for credible fear interview petitioner requested immigration and Custom Enforcement (ICE) to provide him (CFI) decision but in response Immigration And Custom Enforcement (ICE)

wrote to petitioner that he got negative decision and will be removed back to his country in near future but since that it has been 7 months petitioner is (ICE) custody and never removed.

14. Immigration and Custom Enforcement (ICE) has never conducted the first custody review after being (90-days) in detention, petitioner's deportation officer  has informed that Immigration and Custom Enforcement Headquarters Post-Order Detention Unit ("HQPDU")  continue his detention to arrange his removal back to his country, despite the control of government by Taliban.

15. Immigration and Custom Enforcement (ICE) has never conducted the second custody review after being (180-days) in detention. Petitioner's deportation officer  has informed that Immigration and Custom Enforcement Headquarters Post-Order Detention Unit ("HQPDU")  kept him under mandatory detention because nobody is getting released in the united states period under the new administration.

16. To the petitioner's knowledge, the petitioner has a passport of Afghanistan which has been expired since November 25, 2025. Due to the situation in Afghanistan and having no embassy in US , The petitioner is not able to receive new travel documents ,neither (ICE) can obtain new travel documents for petitioner. According to these  facts petitioner is unlikely to be removed in the reasonably foreseeable future.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

17. n *Zadvydas v. Davis*, 533 U.S. 678 (2001), the U.S. Supreme Court held that 8 U.S.C. §1231(a)(6), when "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal form the United States." 533 U.S. at 689. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.* at 699. If the individual's removal "is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by the statute." *Id.* at 699-700. In *Clark v. Martinez*, 543 U.S. 371 (2005), the U.S. Supreme Court held that *Zadvydas* applies to aliens found inadmissible as well as removable.

18.  _In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of "six months". *Id.* at 701. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *See Zhou v. Farquharson,*

2001 U.S. Dist. LEXIS 18239, *2-*3 (D. Mass. Oct. 19, 2001) (quoting and summarizing *Zadvydas*). Moreover, "for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. ICE's administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. *See* 8 C.F.R. §241.4 (k)(2)(ii).

19. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. *See Agbada v. John Ashcroft*, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after six months if ICE is "unable to present document confirmation that the AFGHANISTAN governments has agreed to [petitioner's] repatriation"); *Zhou*, 2001 U.S. Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**STATUTORY VIOLATION**

20. Petitioner re-alleges and incorporates by reference paragraphs 1 through 19 above.

21. Petitioner's continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the U.S. Supreme Court in *Zadvydas*. Petitioner's ninety-day statutory removal period and six-month preemptively reasonably period for continued removal efforts have both passed. Respondents are unable to remove Petitioner to AFGHANISTAN, because there is no  repatriation agreement between the United States and AFGHANISTAN, and AFGHANISTAN will not accepts its citizens who have been ordered removed from the United States. In *Martinez*, the U.S. Suprem Court held that the continued indefinite detention of someone like Petitioner under such circumstances is unreasonable and not authorized by 8 U.S.C. §1231(a)(6).

6

## COUNT TWO
## SUBSTANTIVE DUE PROCESS VIOLATION

22. Petitioner re-alleges and incorporates by reference paragraphs 1 through 21 above.

23. Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty interest in freedom from bodily restraint. *See e.g., Tam v. INS*, 14 F.Supp.2d 1184 (E.D. Cal 1998) (aliens retain substantive due process rights).

24. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effectuate removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonably foreseeable future. The U.S. Supreme Court in *Zadvydas* thus interpreted 8 U.S.C. §1231(a) to allow continued detention only for a period reasonably necessary to secure the alien's removal, because any other reading would go beyond the government's articulated interest – to effect the alien's removal. *See Kay v. Reno*, 94 F.Supp.2d. 546, 551 (M.D. Pa. 2000) (granting writ of habeas corpus, because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government's primary legitimate purpose in detention – executing removal – is nonsensical."). Because Petitioner is unlikely to be removed to AFGHANISTAN, his continued indefinite detention violates substantive due process.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

25. Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above.

26. Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. Further, Respondents have failed to acknowledge or act upon the Petitioner's administrative request for release in a timely manner. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of Habeas corpus directing the Respondents to immediately release
Petitioner from custody, under reasonably conditions of supervision;

3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of the ICE

EL PASO SPC, Director during the pendency of these proceedings and while the Petitioner remains in

Respondent's custody; and

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as

amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and on any other basis justified under law; and

5) Order respondents to give petitioner upon release a court date to see immigration judge

6) Grant any other and further relief that this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct.

Respectfully submitted this on __04__ / __10__ / __2026__

**AHMADZAI ABDUL GHAFOOTR**
**A# 246-718-267**
**Immigration and Custom Enforcement**
**El Paso Service Processing Center**
**8915 Montana Ave,**
**El Paso, TX 79925**

Full Name: _AHMADZAI ABDUL GHAfoof_ Signature: _Ghafoof_

## CERTIFICATE OF SERVICE

I AHMADZAI ABDUL GHAFOOR, certify that a true copy of the above document (Petition for Writ of Habeas Corpus) was served on *04 / 10 / 2026* , upon the following:

Western District Court of Texas
Albert Armendariz, Sr. United States Courthouse
525 Magoffin Avenue
Room 105
El Paso, Texas 79901

by placing a copy of the above in the mail system at the facility where I am detained.

Full Name: *AHMADZAI ABDUL GHAFOOR* Signature: _____

9

Generated: Apr 16, 2026 3:52PM                                                                                    Page 1/1



# U.S. District Court

## Texas Western - El Paso

Receipt Date: Apr 16, 2026 3:52PM

Ahmadzai Abdul Ghafoor
8915 Montana Ave
El Paso, TX 79925

Rcpt. No: 4433                 Trans. Date: Apr 16, 2026 3:52PM                      Cashier ID: #DACa (6582)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|----------------------|-----|-------|-----|
| 202 | Writ of Habeas Corpus | | 1 | 5.00 | 5.00 |

| CD | Tender | | | | Amt |
|----|--------|--|--|--|-----|
| MO | Money Order | #R109237531470 | 03/17/2026 | | $5.00 |
| | | | Total Due Prior to Payment: | | $5.00 |
| | | | Total Tendered: | | $5.00 |

**Comments**: WRIT OF HABEAS CORPUS 3:26CV1105 Abdul Ghafoor v. Bondi et al

Clerk, U.S. District Court - El Paso Division - 525 Magoffin Avenue, Suite 105, El Paso, TX 79901 - (915) 534-6725 - www.txwd.uscourts.gov