**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| AHMADZAI ABDUL GHAFOOR,<br>     Petitioner,<br><br>     v.<br><br>TODD BLANCHE[1], *Acting Attorney General*,<br>*et al.*,<br>     Respondents. | No. 3:26-CV-01105-DB |

**Federal[2] Respondents' Response to**
**Petitioner's Writ of Habeas Corpus**

Federal Respondents timely submit this response per this Court's Order dated April 17, 2026. ECF No. 2. In his petition for writ of habeas corpus under 28 U.S.C. § 2241, Petitioner seeks release from civil immigration detention, claiming that his post-removal-order detention has become indefinite, contrary to statute and the Due Process Clause. *See* ECF No. 1. Petitioner's claims lack merit, and this petition should be denied.

Petitioner has a final order of removal after a negative reasonable fear finding by United States Citizenship and Immigration Services (USCIS) from July 9, 2025, which mandated his detention under 8 U.S.C. § 1231(a) during the 90 days following the entry of his final order. Ex. A (ERO Declaration) ¶¶ 24. Detention can be extended past the removal period in the exercise of discretion where removal is reasonably foreseeable. 8 U.S.C. § 1231(a)(6). ICE decided in its discretion to continue Petitioner's detention past the 90-day removal period, which is a decision protected from judicial review. 8 U.S.C. § 1252(a)(2)(B).

---

[1]    In accordance with Fed. R. Civ. P. 25(d) Pamela Jo Bondi's successor, Todd Blanche, is automatically substituted as the defendant in this action.

[2]    The named warden in this action is not a federal employee. The Department of Justice does not represent him in this action. The Federal Respondents, however, have detention authority over aliens detained under 8 U.S.C. § 1231(a).

1

Petitioner has not shown here that there is no likelihood of removal in the reasonably foreseeable future. Even if Petitioner were able to make such a showing, the burden would shift to Respondents who can show that removal to Afghanistan is, in fact, significant likely in the reasonably foreseeable future. For these reasons, the Court should deny this habeas petition.

## I.    Facts and Procedural History

Petitioner is a native and citizen of Afghanistan. ECF No. 1 at 4 ¶ 11. Petitioner entered the United States on April 30, 2025. *Id*. Petitioner was given an interview with USCIS regarding his fear of return to Afghanistan. *Id*. at 4 ¶ 12; Ex. A (ERO Declaration) ¶ 22. On July 9, 2025, USCIS issued a negative fear finding for Petitioner. Ex. A (ERO Declaration) ¶ 24.

On September 16, 2025, ERO El Paso forwarded Petitioners Afghan identification documents, passport face sheet and a Country Identity Document, Form I-269, to ICE ERO Headquarters (HQ), Removal International Operations (RIO), Detention and Deportation Officer (DDO). *Id*. at ¶ 5. The next day, HQ RIO DDO advised that Petitioner will be placed on the list for Afghans needing transportation letters and an Assistant Attaché for Removal is working to obtain transportations letters for aliens on the list. *Id*. at ¶ 6 ERO El Paso has had regular consistent communications with HQ RIO DDO regarding the status of this pending transportation letter request. *Id*. at ¶¶ 7-20.

## II.    Detention Is Lawful Under 8 U.S.C. §1231(a)(6).

The authority to detain aliens after the entry of a final order of removal is set forth in 8 U.S.C. § 1231(a). That statute affords ICE a 90-day mandatory detention period within which to remove the alien from the United States following the entry of the final order. 8 U.S.C. § 1231(a)(2). The 90-day removal period begins on the latest of three dates: the date (1) the order becomes "administratively final," (2) a court issues a final order in a stay of removal, or (3) the

alien is released from non-immigration custody. 8 U.S.C. § 1231(a)(1)(B).

Not all removals can be accomplished in 90 days, and certain aliens may be detained beyond the 90-day removal period. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Under § 1231, the removal period can be extended in at least three circumstances. *See Glushchenko v. U.S. Dep't of Homeland Sec.*, 566 F.Supp.3d 693, 703 (W.D. Tex. 2021). Extension is warranted, for example, if the alien presents a flight risk or other risk to the community. *Id.*; *see also* 8 U.S.C. § 1231(a)(1)(C); (a)(6). An alien may be held in confinement until there is "no significant likelihood of removal in a reasonably foreseeable future." *Zadvydas*, at 533 U.S. at 680.

**III.    There Is No Good Reason to Believe That Removal to Afghanistan Is Not Significantly Likely in the Reasonably Foreseeable Future.**

Petitioner cannot show "good reason" to believe that removal to Afghanistan is unlikely. In *Zadvydas*, the U.S. Supreme Court held that § 1231(a)(6) "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" but "does not permit indefinite detention." 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id*. At 699. The Court designated six months as a presumptively reasonable period of post-order detention but made clear that the presumption "does not mean that every alien not removed must be released after six months." *Id*. At 701.

Once the alien establishes that he has been in post-order custody for more than six months at the time the habeas petition is filed, the alien must provide a "good reason" to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006); *Gonzalez v. Gills,* No. 20–60547, 2022 WL 1056099 at *1 (5th Cir. Apr. 8, 2022). Unless the alien establishes the requisite "good reason," the burden will not shift to the government to prove otherwise. *Id*.

The "reasonably <sup>fo</sup>reseeable future" Is not a static concept; it is fluid and country-specific, depending in large part on country conditions and diplomatic relations. *Ali v. Johnson*, No. 3:21–CV–00050-M, 2021 WL 4897659 at *3 (N.D. Tex. Sept. 24, 2021). Additionally, a lack of visible progress in the removal process does not satisfy the petitioner's burden of showing that there is no significant likelihood of removal. *Id.* At *2 (collecting cases); *see also Idowu v. Ridge*, No. 3:03-CV-1293-R, 2003 WL 21805198, at *4 (N.D. Tex. Aug. 4, 2003). Conclusory allegations are also insufficient to meet the alien's burden of proof. *Nagib v. Gonzales*, No. 3:06-CV-0294-G, 2006 WL 1499682, at *3 (N.D. Tex. May 31, 2006) (citing *Gonzalez v. Bureau of Immigration and Customs Enforcement*, No. 1:03-CV-178-C, 2004 WL 839654 (N.D. Tex. Apr. 20, 2004)). One court explained:

> To carry his burden, [the] petitioner must present something beyond speculation and conjecture. To shift the burden to the government, [the] petitioner must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future.

*Idowu*, 2003 WL 21805198, at *4 (citation omitted).

There is no dispute that Petitioner's removal order has been final since July 2025. ECF No. 1 at 3, 4. Petitioner, nonetheless, argues that his continued detention pending removal is contrary to statute and in violation of his due process rights. *Id*. At 6-7. Petitioner, however, relies on only conclusory allegations and speculation to argue that his detention is "indefinite." *Id*.. Petitioner argues that his removal is unlikely because his passport has expired and Afghanistan lacking an embassy in the United States, preventing him from renewing his passport. *Id*. At 5. Petitioner claims ignores the actions ERO is taking to obtain proper documentation to facilitate removal to Afghanistan, namely a transportation letter. Ex. A (ERO Declaration) ¶ 5-20, 29-30.

4

Petitioner's conclusory and speculative claims are wholly insufficient to meet his burden of proof under *Zadvydas*. See *Nogales v. Dept. of Homeland Sec.*, No. 21-10236, 2022 WL 851738 at *1 (5th Cir. Mar. 22, 2022) (citing *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021)); *Akbar v. Barr*, SA-20-CV-01132-FB, 2021 WL 1345530 (W.D. Tex. Mar. 5, 2021); *see also Andrade*, 459 F.3d at 543–44; *Boroky v. Holder*, No. 3:14-CV-2040-L-BK, 2014 WL 6809180, at *3 (N.D. Tex. Dec. 3, 2014). As such, Petitioner cannot meet his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future. See *Thanh v. Johnson*, No. EP-15-CV-403-PRM, 2016 WL 5171779, at *4 (W.D. Tex. Mar. 11, 2016) (denying habeas relief where government travel documents). The burden of proof, therefore, does not shift to Federal Respondents to prove that removal is likely.

Even if the burden did shift to ICE, ICE is making continuous efforts to obtain the necessary documents for removal to Afghanistan. ERO El Paso has forwarded identification documents to HQ RIO DDO, and they are working to obtain a Transportation Letter to facilitate Petitioner's removal. Ex. A (ERO Declaration) ¶¶ 5-6. Once the transportation letter is issued, ERO can proceed with a coordinated removal. *Id*. At ¶ 31. Notably, the Transportation Letter request has not been rejected in this case and remains pending. *Id.* At ¶ 20. ERO El Paso is in regular contact on the status of the Transportation letter request. *Id*. At ¶¶ 7-20.

## IV.    Conclusion

There is no good reason to believe that removal to Afghanistan in the reasonably foreseeable future is unlikely. Continued detention under 1231(a)(6), therefore, is lawful. Accordingly, the Court should deny this petition.

Respectfully submitted,


Justin R. Simmons
United States Attorney

By:   */s/ Nathan Ripley*
Nathan Ripley
Special Assistant United States Attorney
Illinois Bar No. 304097
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
(915) 534-6884 (phone)
Nathan.Ripley@usdoj.gov


*Attorneys for Federal Respondents*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 23, 2026, I caused the Federal Respondents' Response to Petitioner's Writ of Habeas Corpus to be served on Petitioner by sending copies via certified U.S. mail as follows:

Ahmadzai Abdul Ghafoor
A#XXX-XXX-247
Immigration and Customs Enforcement El Paso Processing Center
8915 Montana Ave
El Paso, Tx 79925

Dated: April 23, 2026                      Respectfully submitted,

Justin R. Simmons
United States Attorney

*/s/ Nathan Ripley*
Nathan Ripley
Special Assistant United States Attorney
Illinois Bar No. 304097
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
(915) 534-6884 (phone)
Nathan.Ripley@usdoj.gov

*Attorneys for Federal Respondents*