IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **AHMADZAI ABDUL GHAFOOR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-001105-DB** |
| | § | |
| **TODD BLANCHE**, *Attorney General*, et | § | |
| *al.,* | § | |
| **Respondents.** | § | |
| | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

On this day, the Court considered the above captioned case. On April 16, 2026, Petitioner Ahmadzai Abdul Ghafoor filed pro se a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention," ECF No. 1. Petitioner is currently detained by United States Immigration and Customs Enforcement at the El Paso Service Processing Center in El Paso, Texas. *Id.* at 2. Petitioner is from Afghanistan and has a final order of removal since July 9, 2025. ECF No. 7 at 1. Petitioner has been in immigration custody awaiting his removal since then as well. In his Petition, he mainly contends his detention is unlawful because he has been in custody over six-months and there is no significant likelihood of removal in the reasonably foreseeable future as required by *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 1 at 7. Petitioner avers removal to Afghanistan is not likely because his passport has been expired since November 25, 2025, and due to the "situation in Afghanistan and having no embassy in the US," neither Petitioner nor ICE can obtain new travel documents for him. *Id.* at 5. Petitioner also asserts ICE has "never conducted the first custody review after spending 90-days in detention, nor the second custody review after 180 days. *Id.*

In response, Respondents filed ECF No. 7, Respondents detail their efforts to effectuate Petitioner's removal to Afghanistan including that

> On September 16, 2025, ERO El Paso forwarded Petitioners Afghan identification documents, passport face sheet and a Country Identity Document, Form I-269, to ICE ERO Headquarters (HQ), Removal International Operations (RIO), Detention and Deportation Officer (DDO). Id. at ¶ 5. The next day, HQ RIO DDO advised that Petitioner will be placed on the list for Afghans needing transportation letters and an Assistant Attaché for Removal is working to obtain transportations letters for aliens on the list. *Id.* at ¶ 6 ERO El Paso has had regular consistent communications with HQ RIO DDO regarding the status of this pending transportation letter request. *Id.* at ¶¶ 7-20.

ECF No. 7 at 2. While Respondents have been diligent in checking the status of this request since September 2025, as recently as April 11, 2026, the transportation letter request is still pending. ECF No. 7-1 at 3.

Before ruling on the merits of the Petition, the Court requires further information from Respondents on whether removal to Afghanistan or a third country is significantly likely in the reasonably foreseeable future. In lieu of a hearing, the Court will order supplemental briefing on the matter.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FILE** a supplemental advisory, **no later than May 1, 2026,** directly answering the following:

1) What is Petitioner's current designation with respect to the June 27, 2025, notification that Petitioner has been designated as a "Known Suspected Terrorist"?

2) Does Petitioner remain under investigation to substantiate those designations?

2

3) Since the August 18, 2025, notification the Joint Terrorism Task Forces (JTTF) will not interview Petitioner, has this task force indicated they are taking any action as to Petitioner? What is the status of this investigation (e.x. ongoing or closed)?

4) What does Petitioner's designation as a "High-Profile Removal" mean generally beyond requiring ERO Headquarters coordination?

5) Besides the request for travel documents to Afghanistan, what other steps, if any, have Respondents taken to effectuate Petitioner's removal?

6) Are the travel documents the only missing element to actually remove Petitioner or are there other processes or requests that must happen as well?

7) Have Respondents designated a third country for removal?

8) If so, what steps have Respondents taken to effectuate Petitioner's removal to a third country?

**SIGNED** this **28th** day of **April 2026**.

_____

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**