IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **AHMADZAI ABDUL GHAFOOR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01105-DB** |
| | § | |
| **PAMELA BONDI***, Attorney General, et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER OF IMMEDIATE RELEASE

On this day, the Court considered the above captioned case. On April 16, 2026, Petitioner Ahmadzai Abdul Ghafoor filed *pro se* a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention," ECF No. 1. Petitioner is currently detained by United States Immigration and Customs Enforcement at the El Paso Service Processing Center in El Paso, Texas. *Id.* at 2. Petitioner is from Afghanistan and has a final order of removal since July 9, 2025. ECF No. 7 at 1. Petitioner has been in immigration custody awaiting his removal since then. *Id.* In his Petition, he mainly contends his detention is unlawful because he has been in custody over six-months and there is no significant likelihood of removal in the reasonably foreseeable future as required by *Zadvydas v. Davis,* 533 U.S. 678 (2001). ECF No. 1 at 7. Petitioner avers removal to Afghanistan is not likely because his passport has been expired since November 25, 2025, and due to the "situation in Afghanistan and having no embassy in the US," neither Petitioner nor ICE can obtain new travel documents for him. *Id.* at 5. Petitioner also asserts ICE has "never conducted the first custody review after spending 90-days in detention, nor the second custody review after 180 days. *Id.*

In response, Respondents detail their efforts to effectuate Petitioner's removal to Afghanistan. ECF No. 7. On September 16, 2025, ERO El Paso forwarded Petitioner's Afghan

identification documents, passport face sheet and a Country Identity Document, Form I-269, to ICE ERO Headquarters (HQ), Removal International Operations (RIO), Detention and Deportation Officer (DDO). *Id.* The next day, HQ RIO DDO advised that Petitioner will be placed on the list for Afghans needing transportation letters and an Assistant Attaché for Removal is working to obtain transportations letters for aliens on the list. *Id.* at 2. ERO El Paso has had regular consistent communications with HQ RIO DDO regarding the status of this pending transportation letter request. *Id.* While Respondents have been diligent in checking the status of this request since September 2025, as recently as April 11, 2026, the transportation letter request is still pending. ECF No. 7-1 at 3.

Respondents also advised Petitioner was designated with a couple of special classifications, including as a "High-Profile Removal" and "Known Suspected Terrorist." *Id.* at 3–4. On August 1, 2025, ERO El Paso received a request from the Joint Terrorism Task Forces (JTTF) to interview Petitioner the week on August 18, 2025. *Id.* But, on August 18, 2025, JTTF advised ERO El Paso they will no longer be interviewing the Petitioner. *Id.* Then, on September 16, 2025, ERO designated Petitioner as a High-Profile Removal which will require ERO Headquarters coordination. *Id.* Before ruling on the merits of the Petition, the Court required further information from Respondents on whether removal to Afghanistan or a third country is significantly likely in the reasonably foreseeable future. In lieu of a hearing, the Court ordered supplemental briefing on the matter. ECF No. 9. On May 11, 2026, Respondents provided the following information:

> **What is Petitioner's current designation with respect to the June 27, 2025, notification that Petitioner has been designated as a "Known Suspected Terrorist"?** At this time, Petitioner's current designation is not available to disclose.

**2. Does Petitioner remain under investigation to substantiate those designations?** Respondents are not privy to the status of the investigation.

**3. Since the August 18, 2025, notification the Joint Terrorism Task Forces (JTTF) will not interview Petitioner, has this task force indicated they are taking any action as to Petitioner? What is the status of this investigation (e.x. ongoing or closed)?** Respondents have not been advised as to any action that will be taken against Petitioner.

**4. What does Petitioner's designation as a "High-Profile Removal" mean generally beyond requiring ERO Headquarters coordination?** The High-Profile Removal Program provides ERO executive management visibility on scheduled alien removals which may involve Congressional, media, or foreign government interest. This also allows Headquarters ERO to support the field offices and provide notice and information to internal and external partners.

**5. Besides the request for travel documents to Afghanistan, what other steps, if any, have Respondents taken to effectuate Petitioner's removal?** ERO El Paso has been requesting updates on the status of the pending transportation letter. On April 20, 2026, ERO HQ Removal International Operations, Detention and Deportation Officer advised the request was still pending.

**6. Are the travel documents the only missing element to actually remove Petitioner or are there other processes or requests that must happen as well?** Once a travel document and transportation letter are received, arrangements to remove Petitioner will be made with HQ RIO and the specific details will be arranged by HQ RIO.

**7. Have Respondents designated a third country for removal?** No third country for removal has been designated at this time.

**8. If so, what steps have Respondents taken to effectuate Petitioner's removal to a third country?** No third country has been designated at this time but ERO El Paso continues with HQ RIO on potential alternative removal efforts.

ECF No. 17-1.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found substantive due process violations. *See Singh v. Taylor*, No. EP-26-CV-00155-DB, 2026 WL 360913 (W.D. Tex. Feb. 9, 2026).[1] As a threshold matter, the Court finds Petitioner

---

[1] (finding detainee sufficiently demonstrated good reason to believe that there was no significant likelihood of his removal to India in the reasonably foreseeable future given (1) officials had

meets the initial burden of providing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. *Jennings v. Rodriguez*, 138 S. Ct. 830, 843 (2018) (citing *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Petitioner's detention has long passed the presumptively reasonable 6-month mark given his order of removal became final on July 9, 2025, and he has been detained since. ECF No. 7 at 1. He contends his removal to Afghanistan is not significantly likely in the reasonably foreseeable future because travel documents to Afghanistan have not been issued to date. ECF No. 1 at 5. Respondents advise the travel document request, originally sent to headquarters on September 16, 2025, remains pending as recently as April 11, 2026, and provide no anticipated timeline, despite their continued diligence.

To date, Respondents have not designated a different third country for removal. ECF No. 17 at 2. This Court cannot deem removal is reasonably foreseeable so long as good faith efforts continue. Such a standard "would seem to require an alien seeking release to show the absence of any prospect of removal— no matter how unlikely or unforeseeable—which demands more than our reading of the statute can bear." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds Respondents failed to rebut Petitioner's assertion that there is no *significant* likelihood of his removal in the reasonably foreseeable future, making any continued detention unlawful.

Lastly, the Court finds Petitioner's "special classifications" are non-dispositive in this matter. Respondents assert Petitioner is detained under the general provisions of 8 U.S.C. § 1231(a), and not any special provision of law. Respondents have suggested that plaintiff is a known

---

nearly 14 months to remove him but have failed to do so; (2) officials did not made clear whether they possess all the necessary travel documents required to remove him to India, including a passport; and (3) despite a stated intention to put him on a plane to India, officials have failed to do so and cannot provide any date by which such a flight might occur).

terrorist but have not asserted state secrets privilege in this matter. *See Bareford v. Gen. Dynamics Corp.*, 973 F.2d 1138 (5th Cir. 1992), *opinion vacated in part on denial of reargument (*Oct. 14, 1992) (describing the state secrets privilege doctrine generally). When this Court inquired further, Respondents simply assert his current status is not available to disclose nor are they privy to the status of any investigation. ECF No. 7 at 1. If respondents are prohibited from disclosing information based on a claim of privilege, they must file a motion for protective order and explain the legal basis for suppressing the evidence. *See generally Hussaini v. Hermosillo*, No. 2:26-CV-00485-TLF, 2026 WL 672943 (W.D. Wash. Mar. 10, 2026). Moreover, based on Respondent's advisory, a "High-Profile Removal" is an internal designation that says nothing about the detention authority or reasonability of Petitioner's detention specifically.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Singh* and this Court's subsequent immigration habeas cases brought by petitioners alleging their immigration detention violates their substantive due process rights, **IT IS HEREBY ORDERED** Ahmadzai Abdul Ghafoor's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, By a Person Subject to Indefinite Immigration Detention," ECF No. 1, is **GRANTED IN PART** on substantive due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL IMMEDIATELY RELEASE** Petitioner from custody **by no later than May 14, 2026,** subject to reasonable conditions of supervision.

**IT IS FURTHER ORDERED** Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

IT IS FURTHER ORDERED Respondents SHALL FILE a notice informing the Court of its compliance with the preceding order no later than May 18, 2026.

IT IS FURTHER ORDERED the parties SHALL CONFER AND FILE a notice of whether any issues remain to be resolved in this case no later than May 20, 2026.

IT IS FINALLY ORDERED the District Clerk's Office SHALL OVERNIGHT MAIL a copy of this order to *pro se* Petitioner at the El Paso Processing Center, 8915 Montana Avenue, El Paso, Texas 79925 or the address for that facility on file.

SIGNED this 13th day of May 2026.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE