**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| AHMADZAI ABDUL GHAFOOR,<br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General, et al.,<br>Respondents. | CASE NO.  EP-26-CV-01105-DB<br><br>The Hon. David Briones |

**MOTION TO LIFT ACCESS RESTRICTIONS ON COURT FILINGS
BY NON-PARTY COURT WATCH**

COMES NOW, non-party Court Watch, an online news organization based in North Bethesda, Maryland, by and through its undersigned counsel, respectfully requesting that the Court lift the "restricted" setting of the parties' filings in this case pursuant to Fed. R. Civ. P. 5.2(c) so that the public may have remote, electronic access, through the PACER system, to the filings that are currently not electronically accessible remotely despite not being sealed by order of the Court.[1]  Court Watch seeks such access on its own behalf and on behalf of the public more generally based on the substantial and legitimate public interest in this *habeas corpus* case.

I.

Court Watch is an online news organization reporting on filings and other news in federal court cases across the country, relying on the public access provided through the PACER electronic docket system.  In this capacity, it has previously reported on the Court's rulings in this case.  (Judge Orders 'Known Suspected Terrorist' Released, copy attached as **Exhibit 1**;

---

[1] Certififcation of conferral:  Undersigned counsel hereby certifies that he contacted the attorneys listed as counsel of record on the Court's docket for this matter to request the position of the respondents with regard to the requested relief of making the parties' unsealed filings publicly accessible through the PACER system.  Counsel for the Government responded by email that the Government opposes lifting the filing restriction "[a]s this is a case relating to an immigration matter."

#173: Are we quietly detaining a terrorist in Texas?, copy attached as **Exhibit 2**)  These news reports were based on the publicly available orders issued by the Court which are available without restriction on the PACER electronic docket.  These news reports touch on the legitimate and serious public interest in this proceeding in light of the circumstances of the petitioner and the Government's handling of his immigration case.  In particular, the Order of Immediate Removal (Doc #19, May 13, 2026) indicates that the Government had designated petitioner as a "Known Suspected Terrorist" and had listed his removal matter as "High-Profile Removal." (Doc. #19 at 2.)  These designations demonstrate a heightened interest in the petitioner's case, and they underscore the need for full, unrestricted public access to the court file.  Court Watch is a small (just two-person) news organization based in Maryland, and it does not have the resources to travel to El Paso to access the filings in this case.  The sole mechanism for Court Watch to access the "restricted" filings in this case is through PACER.

II.

While the Court's orders in this matter are publicly accessible on the PACER system, what is not accessible on PACER are the various filings by the Government in this case,[2] all of which are designated by the Clerk's Office as "restricted" pursuant to the provisions of Fed. R. Civ. P. 5.2(c), which automatically restricts electronic access to court filings in a *habeas* case, permitting the public to access the filings in a case by physically visiting the courthouse in El Paso.  *See* Fed. R. Civ. P. 5.2(c)(2)(B).  As a result of this restriction, persons such as Court Watch, and the public generally, cannot remotely access the Government's filings, and in particular, cannot access the Government's response to the *habeas* petition (Doc. #7, Apr. 23, 2026), or the Government's advisory to the Court (Doc. #17, May 11, 2026) that appears to have

---

[2] The petitioner's underlying initial *habeas* petition is in fact publicly accessible under the docket entry for "receipt" even though the main document at Doc. #1 is listed as "restricted."

led to the Court's order of immediate release, or the subsequent notices from the Government (Doc. #s 21 & 22, May 18 & 20, 2026) which precipitated the Court's issuance of its final judgment..

III.

For more than half a century, federal courts have recognized a qualified common law right of access to judicial documents. *See, e.g.*, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *U.S. v. Sealed Search Warrants*, 868 F.3d 385, 390 & n.1 (5th Cir. 2017). Indeed, as the Fifth Circuit has repeatedly made clear, "[a]lthough the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *Sealed Search Warrants*, 868 F.3d at 390 n.1 (same). In *Van Waeyenberghe*, the Circuit explained that district courts "must balance the public's common law right of access against the interests favoring nondisclosure," taking stock of "[t]he presumption in favor of the public's common law right of access to court records." 990 F.2d at 849. As the Circuit noted in another decision twenty-five years later, the presumption in favor of public access "promotes the trustworthiness of the judicial system" and helps avoid the cynical resort to speculation as to the reasons for court action when a judicial decision is cloaked behind a sealing order. *Sealed Search Warrants*, 868 F.3d at 394-95; *see also United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (internal quotation omitted))).

IV.

Here, the application of Rule 5.2(c) frustrates the right of Court Watch and the broader public to review and assess the submissions by the Government. *Compare* Hon. Jennifer Walker Elrod, Hon. Don Willett, & Brian M. Miller, *Walking in the Light: On the Overuse of Sealing in Court Records*, THE ADVOCATE, at 27 (Fall 2022) ("W]here much of the record is under seal, the public has almost no way to monitor the behavior of the parties to the case."). The public interest in this case necessitates the kind of "document-by-document" review ordinarily required before a judicial record may be withheld from public view. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (holding that courts must "undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure"). Moreover, any contention that this *habeas* matter involves "an immigration action"—a generic contention of no meaningful import in light of the vast numbers of recent *habeas* cases involving immigration issues—is no basis for continued denial of remote electronic access, especially in light of the Court's specific findings in this particular matter concerning the Government's actions here. *See Sealed Search Warrants*, 868 F.3d at 394-95 (holding that the presumption in favor of public access "promotes the trustworthiness of the judicial system"). Indeed, the fact that this *habeas* proceeding involves an immigration case accentuates, rather than undermines, the public interest in the matter and the right of unrestricted access to the Government's filings.

V.

Courts have long recognized that the right of public access to judicial records is a "fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017). Adhering to that principle, courts handling cases raising similar claims as

this matter have uniformly lifted the limitations on electronic access imposed by Rule 5.2(c). *See, e.g., Kodia v. Noem*, No. 3:25-cv-01072-L-BT, ECF No. 47 (N.D. Tex. June 2, 2025); *Mahdawi v. Trump*, No. 2:25-cv-00389-gwc, ECF No. 73 (D. Vt. May 23, 2025); *Khalil v. Joyce*, No. 1:25-cv-01935, ECF No. 35 (S.D.N.Y. Mar. 12, 2025); *A.S.R. v. Trump*, No. 3:25-cv-00113, ECF No. 46 (W.D. Pa. Apr. 25, 2025); *J.A.V. v. Trump*, No. 1:25-cv-00072, ECF No. 55 (S.D. Tex. Apr. 25, 2025); *G.F.F. v. Trump*, No. 1:25-cv-02886, ECF No. 39 (S.D.N.Y. Apr. 15, 2025).

## VI.

In light of the foregoing, and in light of the specific public interest in the circumstances of this particular case, the Court should direct the Clerk's Office to lift the "restricted" setting for the filings in this proceeding so that the public may have full access to the filings that formed the basis for the Court's orders in this matter.[3]

WHEREFORE, Court Watch requests that all unsealed filings in this matter that currently carry a "restricted" setting making them inaccessible on the PACER electronic docket system should be redesignated as unrestricted so that the public may have full electronic access to the unsealed filings.

---

[3] In several cases, this has been accomplished by directing the Clerk to change the "nature of suit" code in the case to No. 530 ("Habeas Corpus"). *See, e.g., J.A.V. v. Trump*, No. 1:25-cv-00072, ECF No. 55 (S.D. Tex. Apr. 25, 2025); *W.M.M. v. Trump*, No. 1:25-cv-00059, ECF No. 53 (N.D. Tex. Apr. 29, 2025).

Dated: June 22, 2026                          Respectfully submitted,


                                    By:   /s Christopher P. Beall

                                          Christopher P. Beall
                                              christopher@rklawpc.com
                                          RECHT KORNFELD, P.C.
                                          30 Broad Street, Suite 1402
                                          New York City, N.Y. 10004
                                          (T): (303) 573-1900
                                          (F): (303) 446-9400

                                          *Attorney for non-party Court Watch*


## CERTIFICATE OF SERVICE

I hereby certified that the foregoing motion was filed with the Court on June 22, 2026, through the ECF-CM e-filing system, and that system will generate a Notice of Electronic Filing to all parties and counsel of record.


                                          */s Christopher P. Beall*

-6-

EXHIBIT 1
(by Court Watch)

Home  >  Posts  >  Judge Orders 'Known Suspected Terrorist' Released



HOME  |  ABOUT  |  UPGRADE  |  |  MEDIA COVERAGE  |  ADVERTISE  |  ARCHIV

from the United States. On Wednesday, a federal judge ordered him released.

 Seamus Hughes & Peter Beck
May 13, 2026



A federal judge ordered the release of an Afghan national whom the U.S. government once designated a "known suspected terrorist" and flagged for "high-profile removal" after Department of Justice attorneys failed to provide the current status of a national security investigation against him.

Ahmadzai Abdul Ghafoor, who has been held in immigration custody since May 2025 and represented himself in his judicial proceeding, had claimed in court filings that he served on the security detail of the former president of Afghanistan.

Ghafoor _stated_ that he fled the country in 2021, fearing that the Taliban would retaliate against him for serving in the U.S.-backed government. According to his own account, he tried to meet with Customs and Border Protection officials multiple times before entering the U.S. illegally and surrendering himself to agents on May 30th, 2025.

On July 9th, 2025, an immigration judge entered a final order of removal that would have allowed ICE agents to deport Ghafoor from the U.S. Ghafoor, however, was kept detained in a facility in El

Ghafoor filed his *petition for habeas corpus* on April 16th, citing his seemingly indefinite detention and that he was unlikely to be able to be deported back to Afghanistan, which does not have a repatriation agreement with the U.S. The government also stated in a filing that an alternative country for Ghafoor's removal has not "been designated at this time," however, the government is exploring "potential alternative removal efforts." In March, a federal appeals court *allowed the government* to continue its practice of deporting immigrants to third-party countries.

Following a hearing over Ghafoor's petition, Senior U.S. District Judge David Briones of the Western District of Texas *ordered* the Justice Department on April 28th to explain why Ghafoor had been designated as a 'known suspected terrorist,' whether he was still under investigation, and, if so, what the status of the investigation was. Judge Briones initially ordered the government to respond to his questions by May 1st. He *extended* the deadline until May 11th after the Justice Department requested additional time.

According to court records, the FBI's Joint Terrorism Task Force reached out to ICE agents in El Paso on August 1st, 2025, to request an interview with Ghafoor about an undisclosed matter. The interview was scheduled for the week of August 18th, but it was canceled just before it was about to take place.

Judge Briones' *order* states that the Justice Department replied on May 11th that the government was "not available to disclose" whether Ghafoor was still designated as a suspected terrorist and was "not privy to the status of the investigation." The department also told Judge Briones that the Joint Terrorism Task Force has "not been advised as to any action that will be taken against" Ghafoor. ICE and the FBI did not respond to a Wednesday evening request for comment.

The Justice Department's unusual non-answer came amidst a recent trend of miscommunications between the executive branch and the federal judiciary. Last week, judges in the District of Rhode Island appointed a special counsel to investigate whether an assistant U.S. attorney *committed misconduct* by failing to inform a judge, who was deciding whether to release an individual in a habeas immigration warrant, that the individual had an arrest warrant for homicide in the Dominican Republic.

The majority of the court filings in the Ghafoor docket are not available on PACER, the online repository of federal court records, due to the nature of the suit code. Habeas cases such as Ghafoor's are considered by the U.S. Courts to have inherent privacy concerns, and thus can only be reviewed in person at the courthouse in El Paso, Texas.

The U.S. Attorney's Office for the Western District of Texas declined to provide electronic copies of

Case 3:26-cv-01105-DB     Document 25     Filed 06/22/26     Page 9 of 18

to a request for comment this afternoon on the release order or whether the Justice Department would appeal the decision. Efforts to reach Ghafoor were unsuccessful, in part due to the fact that he does not have a lawyer and was detained at an ICE facility throughout his legal proceedings.

*Court Watch* was unable to retrieve physical copies of the court documents at the federal courthouse in El Paso. Multiple requests over the course of two weeks to Judge Briones' chambers to relax the electronic restrictions on court filings in this case went unanswered. Federal judges in other districts have routinely ordered habeas documents available on PACER if the case was of significant public interest.

-30-

---

**Court Watch is a news site covering all the most interesting federal court filings, from search warrants, indictments, to everything in between. The goal is to report on overlooked court records and give readers direct access to primary source documents.**

**We have a track record of finding the unfindable in the byzantine federal court records system. Our reporting has been the basis of hundreds of national and local media outlets' stories. Subscribe to receive more stories like this and our weekly roundup.**

Subscribe

---

**Reply**

Newest first ⌄

Add your comment...



May 29, 2026 · 5 min read

### #177: CSI: Courts

In a misconduct investigation, they sent a judge's couch cushion to the lab? Plus: Rihanna, Bolt cutting ICE handcuffs, AI screwups, and Latvian passports

 Seamus Hughes, +1



May 15, 2026 · 6 min read

### #175: Can You Trust Your Wife?

Prosecutors are quietly trying to limit marital communications privilege. Plus: Anthropic doesn't cc the right military general. ISIS Trial Postponed. Candac...

 Seamus Hughes, +1

Jun 12, 2026 · 5 min read

### #179: Congress Can Legally Say Horrible Things about You on Social Media

With the help of the Trump Administration, a defamation lawsuit against an anti-Trump Congresswoman goes down. Plus: Judicially-ordered ...

 Seamus Hughes, +1

## View more  ›

# Court Watch

The Definitive Source for Legal News

| Email | Subscribe |

   

© 2026 Court Watch.

 Powered by beehiiv

Case 3:26-cv-01105-DB    Document 25    Filed 06/22/26    Page 12 of 18



EXHIBIT 2
(by Court Watch)

Home  >  Posts  >  #173: Are we quietly detaining a terrorist in Texas?

# #173: Are we quietly detaining a terrorist in Texas?

Prosecutors will let a judge know today. Plus: Epstein suicide note, racist public defender, AUSA's AI gets benchslapped, and tear gas is so back.



Seamus Hughes & Peter Beck
May 1, 2026

Welcome to *Court Watch* #173. Watching the courts requires a healthy obsession with puzzles and the crippling need to complete them. Records in PACER give snapshots and tea leaves of information that each tells a part, but only after looking under many rocks do you get a sense for the larger story. Take a criminal case, for example, an indictment or an affidavit written by an FBI agent can say a lot about what a person may have done. Defense motions, for their part, can contest into the gritty facts and nuances of a case. And then sentencing memos help fill in the personal parts about someone you've read about for months, likely for the worst thing they've ever done.

Only at the very end do all of the pieces start to fall into place together. But, as is often the case, you can wind up with more than a few pieces missing, making you question what the big picture and whether all of the pieces are actually there at all. Sometimes they show up immediately; other times it takes longer—perhaps sorted into another puzzle set or in this case, court docket. Every now and then, you look underneath a couch and find that the piece you've been looking for was beneath you the entire time.

In this week's roundup, we help uncover a missing puzzle piece in an Epstein docket, an interesting

on the wrong side of the law after calling them for help. Among other jagged little pieces found in the courts this week.

## The Docket Roundup

- **"In this Court, his name will be synonymous with a failure** to uphold the basic duties of competence and candor expected of every attorney." A North Carolina judge had the _last word_ after an Assistant U.S. Attorney resigned amidst accusations that he submitted a brief with AI case hallucinations.

- **Late last night**, **a democrat running for Congress in Louisiana _filed a lawsuit_** to un-suspend the Governor's suspension of the congressional primary election.

- **Former MSNBC host Katie Phang wants answers from the Justice** Department about the _Epstein files_.

- **Speaking of Epstein: As a general rule, there should never be a series of** documents sealed in a prominent case. It just triggers our editor and his friends to _go digging_.

- **A new civil case from California accuses the operators behind a _cryptocurrency_** of trying to leverage the company to get close to President Trump.

- **Charlie Kirk's head of security _is suing_ Candace Owen for defamation.**

- **The judge in President Trump's case suing the IRS wants to know whether** the two parties are _actually adversaries_. Any unitary executive folks want to weigh in here?

- **Impersonating an employee at the Government Publishing Office is a _new one_.**

- **A D.C. man, who appears to be in the midst of a mental health crisis**, reportedly walked up to a bank security guard as he was putting cash into an ATM and stole his gun before running into the Gallery Place metro. _Court records_ say the man has a history of offenses at that same metro stop.

- **The parents of a six-year-old student with special needs** say a _D.C. teacher_ slapped him.

- **Flying under the radar, mostly because habeas filings** are not generally available on PACER, but a _judge's order_ in a case of an Afghan man, Ahmadzai Abdul Ghafoor, arrested at the border, tells us that the U.S. government considered him a 'known suspected terrorist' last June. Ghafoor is _arguing for his release_ on his own, sans lawyer. The U.S. Attorney's office in the Western District of Texas declined to comment on the ongoing litigation. Prosecutors have until today to tell the judge if the 2025 terror designation against Ghafoor is still valid. Again, given that it's a habeas case, the document won't be available on

to the rule. We're hopeful that we may be able to sort it out without filing a motion. Mostly because word on the judicial street is _our lawyer don't miss_ when it comes to public access motions.

- **Clerks are saints. _Don't mess with clerks_.**

- **The feds say they took down nine sites** used for _distributed denial of service (DDoS) attacks_ with the help of _Europol_. The sites reportedly had more than 75,000 customers.

- **A 2023 criminal case against two men accused of hacking into U.S.** universities for information about COVID-19 vaccine research in 2020 was _recently unsealed_.

- **Add a site for _penpals_ to the list of places ruined by crypto scammers.**

- **Speaking of which, here's a _fascinating case_ about international law,** SpaceX, civil wars, and how crypto scam operations are run.

- **On Monday, Columbia _will announce_ the Pulitzer Prize Finalists** and Winners. This is all to say, the board has _the chance to do the funniest thing_.

- **The Ninth Circuit said it's cool to use _tear gas_ again.**

- **Here's the criminal complaint for the _alleged shooter_** at the White House Correspondents Association Dinner.

- **The government wants to keep two men accused of defrauding investors** out of tens of millions of dollars in an AI company, iLearning, _detained_.

- **We did not have an assistant public defender in Illinois _getting charged_** for allegedly making racist threats on our bingo card this week.

- **The mother of Renee Good asked a judge to _order the federal government_** to give her back the car in which Good was fatally shot.

- **Your _song of the week_ comes for the mesmerizing choreography** and stays for a song that actually slaps on the third listen. Though if you're a fan of chaotic music videos, _there's one_ that rules them all. If you need a more chill song for your Friday, _here you go_.

- **Well, at least someone in the Comey family tree got a _win_ in court this week.**

- An Iranian woman living in California was _charged_ for allegedly selling _tens of millions worth of weapons_ on behalf of Iran.

- **An Idaho company was fined more than $6.3 million for _illegal wood_.**

- **We're not completely sure who wrote the _government's motion_** to resume construction on the White House's East Wing, but we have one really good guess.

- **Arizona won't have to turn over its voter rolls after a judge _granted_** its motion to dismiss in a case brought by the Department of Justice.

- **One guy allegedly keeps trying to break into _CIA headquarters_.** We feel for the police officers who keep having to chase him down.

- **Judge Beryl Howell was _not amused_ after a member of the Proud Boys**, who was pardoned for conduct related to January 6th, asked for the money that he had already paid in restitution back.

- **The family members of a mass shooting victim _sued OpenAI_.** The shooter reportedly used its AI agent in the weeks before the attack.

- **The Trump administration _sued_ New Jersey over a state law that** restricts law enforcement officers, including ICE, from wearing masks.

- **A New York man, Sharon Gohari, is set to _plead guilty_ in a case that** originated from the alleged possession of child abuse images, but took an unexpected turn into national security, when it was revealed he reportedly helped smuggle three Iranian men, one of whom has ties to the Islamic Revolutionary Guard Corps, into the U.S. We were the first to report _the story_ last June.

- **Judge Lewis Kaplan appears to be _getting tired_ of Sam Bankman-Fried.**

- **A flight from Zurich to Miami brought out some _creeps_.**

- **We may learn about more _DOGE employees_ soon.**

- **Another alleged member of _764_ was arrested in New York.** He's part of a _growing number of criminal cases_ across the country.

- **An Ohio bounty hunter allegedly _impersonated a U.S. deputy marshal_** while arresting a woman for missing a municipal court date for traffic violations. Law enforcement apparently found out about it after he locked himself out of his car, with the woman locked inside, and had to call for help. Also, stick around for his Internet searches (""police badge design"... "howbto [sic] determine if a us marshal is legit")

- **A jury in Virginia _couldn't decide_ if a man accused by prosecutors** of being responsible for the terrorist attack at Abbey Gate did it or not. (here's the _jury note_). Shoutout to DOJ public affairs for casually _glossing over_ that small fact.

- **Two people in Louisiana are _accused of tricking investors_** into thinking they represented professional athletes in need of a loan before being drafted.

Thanks for reading. Just a programming note, in Sunday's The Rabbit Hole, we look at what

Case 3:26-cv-01105-DB        Document 25      Filed 06/22/26      Page 16 of 18

## Reply

Newest first ∨



Add your comment...

M↓

## Keep Reading



May 8, 2026 · 5 min read

### #174: Forrest Gumping the News

Like a beloved movie character who always gets himself into interesting historical moments, we're as surprised as you are that we wandered into a Pulitzer. ...

 Seamus Hughes, +1



Jun 12, 2026 · 5 min read

### #179: Congress Can Legally Say Horrible Things about You on Social Media

With the help of the Trump Administration, a defamation lawsuit against an anti-Trump Congresswoman goes down. Plus: Judicially-ordered ...

 Seamus Hughes, +1



Jun 21, 2026 · 11 min read

### The Rabbit Hole: The Occasional Murder on the Docket

Despite a media landscape that would imply otherwise, prosecuting murders in the federal court system is relatively rare. We explain why.

 Peter Beck

## View more  ›

## Court Watch

The Definitive Source for Legal News

Email    Subscribe

**RSS FEED**

© 2026 Court Watch.

 Powered by beehiiv