UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

AHMADZAI ABDUL GHAFOOR,

    Petitioner,

v.

TODD BLANCHE, Acting Attorney
General, et al.,

    Respondents.

§
§
§
§
§
§
§
§
§
§
§
§
§

EP-26-CV-01105-DB

## FEDERAL RESPONDENT'S MOTION[1] TO RECONSIDER "ORDER LIFTING DOCKET VIEWING RESTRICTIONS"

Federal Respondents hereby file this Motion to Reconsider the Court's "Order Lifting Docket Viewing Restrictions" (hereinafter "Order") (ECF No. 26) entered on June 23, 2026, and would respectfully request that the Court continue to limit remote electronic access to the filings in this cause of action pursuant to Federal Rule of Civil Procedure 5.2(c), for the reasons set forth below.

On June 22, 2026, non-party Court Watch filed its "Motion to Lift Access Restrictions on Court Filings" (hereinafter "Motion") (ECF No. 25) in the above-captioned immigration habeas proceeding. Before Federal Respondents could respond to the Motion, the Court entered its Order, wherein if lifted "the limitations on remote access to electronic files otherwise applicable in this

---

[1] Federal Respondents note that this filing is styled as a "Motion to Reconsider," given that Respondents did not have an opportunity to file a response to the "Motion to Lift Access Restrictions on Court Filings By Non-Party Court Watch" (ECF No. 25) prior to the Court entering its "Order Lifting Docket Viewing Restrictions" (hereinafter "Order") (ECF No. 26). Because of the unique procedural posture of this case and the urgency of filing this Motion to Reconsider the Court's Order, Federal Respondents did not have an opportunity to confer with Petitioner prior to filing the motion pursuant to Local Court Rule CV-7(i).

1

case." Order 1. It also directed the District Clerk to "lift all viewing restrictions on the docket," in other words "to make all prior filings electronically available to the public," and ordered that "all future filings shall be publicly available unless the Court grants leave to file under seal or in redacted form." *Id.* However, Court Watch did not confer with Petitioner in this case, Ahmadzi Abdul Ghafoor, prior to filing their Motion. Therefore, Federal Respondents request that the Court deny the Motion until Court Watch has conferred with Petitioner, pursuant to Local Court Rule CV-7(i):

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed.

Unlike Federal Respondents in this case who were required to file this Motion to Reconsider on an expedited timeline because of the Court's Order granting relief prior to Federal Respondents responding, non-party Court Watch had an opportunity, and should have, conferred with Petitioner prior to filing their Motion pursuant to CV-7(j).

Additionally, and more significantly, Federal Respondents have legitimate security concerns regarding the release of the sensitive information contained within the filings in this case. Namely, there are legitimate concerns for the safety of the officers whose names appear in the declarations and the Immigration and Customs Enforcement (ICE) offices where they work. There have been numerous reports of officer doxxing and harassment that make this a genuine concern for ICE personnel. *See* Federal Grand Jury Charges Three Women with Following ICE Agent Home from Work and Livestreaming His Home Address on Instagram https://www.justice.gov/usaocdca/ pr/federal-grand-jury-charges-three-women-following-ice-agent-home-work-andlivestreaming (last visited December 16, 2025); California man accused of

doxxing ICE employee now in custody https://www.ice.gov/news/releases/california-man-accused-doxxing-iceemployee-now-custody (last visited December 16, 2025).

There are also legitimate safety concerns for ICE offices generally as serious violent attacks directed at ICE offices have occurred within the last few months. *See* 10 held in Texas immigration detention center shooting that was planned ambush.

https://apnews.com/article/texasimmigration-detention-center-shooting-officer-ambush-f3782b689659270b10bd9b33bb48169b (last visited December 16, 2025); https://www.wafb.com/2025/12/16/new-iberia-man-chargedalleged-plot-attack-ice-agents/ New Iberia man charged in alleged plot to attack ICE agents (Last visited December 17, 2025); Man accused of yelling 'anti-ICE' comments and throwing 2 Molotov cocktails at DTLA federal building https://abc7.com/post/man-accused-yelling-anti-icecomments-throwing-2-molotov-cocktails-federal-building-downtown-los-angeles/18240903/ (last visited December 16, 2025). Allowing public remote access to these records creates a potential risk to ICE officers and the federal buildings where they work.

While the public may have an interest in this case that interest is outweighed by the potential security concerns that arise from allowing non-parties full remote public access. For those reasons Federal Respondents respectfully request that the Court reconsider its Order and reinstate the limitations on remote access to electronic files applicable in this case pursuant to Federal Rule of Civil Procedure 5.2(c), at least until (1) Court Watch has conferred with Petitioner on his position on the Motion and (2) Federal Respondents have an adequate opportunity to more fully respond to the Court's Order if the Court desires additional briefing.

Should the Court desire additional briefing, Federal Respondents respectfully request the seven days allotted to respond to non-dispositive motions pursuant to Local Court Rule CV-7(e)(2).

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

By:  /s/ *Sarah Valenzuela*
SARAH VALENZUELA
Assistant U.S. Attorney
Texas Bar #24089261
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884
Sarah.valenzuela2@usdoj.gov

*Attorneys for Federal Respondents*

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AHMADZAI ABDUL GHAFOOR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-26-CV-01105-DB** |
| | § | |
| **TODD BLANCHE, Acting Attorney** | § | |
| **General, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER VACATING PREVIOUS ORDER (ECF No. 26)**
**AND REINSTATING DOCKET VIEWING RESTRICITONS**

On this day the Court considered Federal Respondent's Motion to Reconsider, and after due consideration, is of the opinion that the motion should be **GRANTED**.

Accordingly, it is **ORDERED** that Federal Respondent's "Motion to Reconsider 'Order Lifting Docket Viewing Restrictions'" is **HEREBY GRANTED**.

**IT IS FURTHER ORDERED** that the Court's "Order Lifting Docket Viewing Restrictions" (ECF No. 26), filed on June 23, 2026, is **HEREBY VACTED**.

**IT IS FUTHER ORDERED** that the limitations on remote access to electronic files applicable in this case pursuant to Fed. R. Civ. P. 5.2(c) are **REISNTATED**.

**IT IS FINALLY ORDERED** that the District Clerk is directed to reinstate all viewing restrictions on the docket.

**SIGNED** this _____ day of **June, 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**