**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

AHMADZAI ABDUL GHAFOOR,
Petitioners,

v.

TODD BLANCHE, Acting Attorney General, et al.,
Respondents.

CASE NO.  EP-26-CV-01105-DB

The Hon. David Briones

**RESPONSE BY COURT WATCH TO
MOTION FOR RECONSIDERATION BY RESPONDENTS**

Non-party Court Watch, through its undersigned counsel, respectfully submits this provisional response to what appears[1] to be a motion by the Government (Doc. #27) for reconsideration by the Court of its prior order (Doc. #26) lifting access restrictions on the docket and directing that all prior filings should be electronically available to the public through the PACER system.  In support of that order and its original motion for public access, as well as in opposition to whatever the Government has asserted in its secret filing that is not publicly accessible, Court Watch states as follows:

1.      Court Watch can only assume, based on prior email correspondence from counsel for the Respondents to the Court's courtroom deputy in requesting an abeyance of the Court's

---

[1] Court Watch can only say that it "appears" the Government has filed a motion for reconsideration solely because the PACER docket for this case says so.  No such motion has been served on undersigned counsel for Court Watch, nor is the motion itself accessible on PACER.  Indeed, the Notice of Electronic Filing for the Government's filing of this motion shows that it was sent only to counsel for the Respondents through the ECF-CM e-filing system, and not to counsel for Court Watch.  Undersigned counsel has checked his own email account, including the "junk" folder for that account, and there is no email from Respondents' counsel providing a copy of their motion for reconsideration.

prior order, that the Respondents' motion for reconsideration is premised on the lack of conferral between Court Watch and Petitioner Ahmadzai Abdul Ghafoor prior to Court Watch's filing of its motion to lift the restricted setting in PACER for the parties' filings in this case.

2.    As explicitly noted in Court Watch's certificate of conferral, counsel for Court Watch conferred with the attorneys of record for the Government prior to filing Court Watch's motion, and Court Watch duly noted the Government's opposition to the motion.  What could not be accomplished by Court Watch was any conferral with Petitioner because no contact information for Petitioner was listed on the docket.  Indeed, the PACER docket for this case continues to list Petitioner solely by an ICE "A#" identifier at the ICE processing center in El Paso, where, of course, Petitioner is no longer.

3.    More importantly, however, the only filing by Petitioner on the docket in this case, and hence, the only filing by Petitioner affected by the Court's order lifting viewing restrictions, was the Petitioner's initial *habeas* petition—Doc. #1—and that filing was ***already publicly accessible*** on PACER.  In light of this circumstance where the only filing by Petitioner was already fully accessible, there was no prejudice to Petitioner in not conferring with him prior to the filing of Court Watch's motion.

4.    In addition, any argument by the Government that Court Watch's motion should be held in abeyance until the Petitioner is given an opportunity to respond is an exercise of Kafkaesque futility because the Government itself has already confirmed to the Court that it too has no ability to communicate with Petitioner.  In the Government's filing on May 20, 2026, the Government informed the Court that the phone number it has for Petitioner "was not valid, and the call would not go through."  (Doc. #22.)  Thus, the Government already knows that it is not

possible to confer with Petitioner regarding issues in this case.  Any assertion by the Government that Court Watch should be denied relief that is in the public interest until such time as the Petitioner can be located would amount to a denial of the public's right of access to the Government's filings in this case.

5.    Finally, any reconsideration by the Court of its prior order lifting viewing restrictions on the parties' filings would be moot because those previously inaccessible filings are now all publicly visible through the third-party CourtListener website operated by the non-profit Free Law Project organization:  https://www.courtlistener.com/docket/73205200/ghafoor-v-bondi/.  The CourtListener website has replicated all of the previously inaccessible court filings that the Court ordered be made publicly accessible, and those filings now can be accessed without the restrictions imposed by the Court's PACER policies.

6.    While "cat is out of the bag" with regard to the Government's once inaccessible filings in this case through the ability to access those filings at the CourtListener website, the public interest in having unrestricted access through the PACER system remains present because the public should not be forced to rely on the altruistic efforts of a third-party non-profit entity to obtain the access that should be freely available from the Court itself.  *See U.S. v. Sealed Search Warrants*, 868 F.3d 385, 390 & n.1 (5th Cir. 2017); *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

//

//

WHEREFORE, Court Watch requests that the Court deny any reconsideration of its prior order lifting access restrictions to the electronic docket in this case, and that full public access be restored to all unsealed filings in this matter.[2]

Dated: June 22, 2026

Respectfully submitted,

By:   */s Christopher P. Beall*

Christopher P. Beall
   christopher@rklawpc.com
RECHT KORNFELD, P.C.
30 Broad Street, Suite 1402
New York City, N.Y. 10004
(T): (303) 573-1900
(F): (303) 446-9400

*Attorney for non-party Court Watch*

---

[2] In what may be only a temporary glitch in the PACER system, the current public docket for this case on PACER now no longer shows any of the Court's prior orders, including the order issued today at Doc. #26, nor any of the Government's prior filings apart from the motion for reconsideration:



| Date Filed | # | Docket Text |
|---|---|---|
| 04/16/2026 | 1 | Petition for Writ of Habeas Corpus ( Filing fee $ 5 receipt number 4433), filed by Ahmadzai Abdul Ghafoor. (Attachments: # 1 Exhibits, # 2 Receipt) (slr) (Entered: 04/16/2026) |
| 04/16/2026 | | If ordered by the court, all referrals will be assigned to Magistrate Judge Berton (mc4) (Entered: 04/17/2026) |
| 04/20/2026 | 3 | Transmitted via Certified Mailing of 2 Order to Show Cause (jg1) (Entered: 04/20/2026) |
| 06/24/2026 | 27 | MOTION for Reconsideration by Todd Blanche. (Valenzuela, Sarah) (Entered: 06/24/2026) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 06/24/2026 20:22:22 |

To the extent the Court reinstates its order for unrestricted public access to the electronic docket of this case on PACER, Court Watch requests that the Clerk's Office be directed to ensure that all unsealed filings are accurately listed on the PACER docket to which the public access.

-5-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certified that the foregoing response was filed with the Court on June 24, 2026, through the ECF-CM e-filing system, and that system will generate a Notice of Electronic Filing to all parties and counsel of record.

*/s Christopher P. Beall*