## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **AHMADZAI ABDUL GHAFOOR,** | § | |
| **Petitioner,** | § | |
| | § | **EP-26-CV-01105-DB** |
| **v.** | § | |
| | § | |
| **PAMELA BONDI**, *Attorney General*, *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

On this day, the Court considered "Federal Respondent's Motion to Reconsider 'Order Lifting Docket Viewing Restrictions'" ("Motion"), ECF No. 27. Therein, Respondents ask the Court to reconsider its "Order Lifting Docket Viewing Restrictions," ECF No. 26, due to alleged concerns regarding the safety of the immigration officers whose names appear in the declarations filed in this case and the offices where they work. *Id.* at 3. After due consideration, the Court finds the Motion should be denied.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "Access to records serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *United States v. Hubbard*, 650 F.2d 293, 315 (D.C. Cir. 1980). Consequently, district courts are generally required to "undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (citations omitted). And the "working presumption" is that judicial records should not be hidden from public view. *Id.*

Here, Respondents make no showing justifying disparate treatment of judicial records filed

in immigration habeas matters versus other matters that may also implicate privacy and/or security concerns. Moreover, Rule 5.2(c) simply limits non-parties' remote access to immigration-related electronic case files—it does not seal these records from the public entirely. *See generally* FED. R. CIV. P. 5.2(c). Non-parties can still electronically access the full record in these cases via the courthouse computer. *See* FED. R. CIV. P. 5.2(c)(2). If Respondents are truly concerned that public access to a particular filing raises a security threat, they may seek relief under the standards governing the sealing of judicial records by filing the appropriate motion to seal.

Accordingly, **IT IS HEREBY ORDERED** "Federal Respondent's Motion to Reconsider 'Order Lifting Docket Viewing Restrictions,'" ECF No. 27, is **DENIED**.

**SIGNED** this **26th** day of **June 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**